**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Zenaida Medina, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 12 C 5769 |
| | ) |
| Midland Credit Management, Inc., a Kansas corporation, | ) |
| | ) |
|    Defendant. | )   <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Zenaida Medina, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Zenaida Medina ("Medina"), is a resident of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt owed for a Capital One account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant MCM operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant MCM was acting as a debt collector as to the delinquent consumer debts it attempted to collect from Plaintiffs.

5. Defendant MCM is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, MCM conducts business in Illinois.

6. Moreover, Defendant MCM is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, MCM acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Medina fell behind on paying her bills, including a debt she owed for a Capital One account, because she lost her job and had to start over with a new employer at a lesser rate of pay. At some point in time after that debt became delinquent, Defendant MCM, began trying to collect it from Ms. Medina, which caused her to seek the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding her financial difficulties and Defendant MCM's collection actions.

8. Accordingly, via letters dated March 30, 2010, August 19, 2011, September 27, 2011 and November 23, 2011, one of Ms. Medina's attorneys at LACD informed MCM, in writing, that Ms. Medina was represented by counsel, and directed

MCM to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. Medina was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt. Copies of these letters and fax confirmations are attached as Group Exhibit C.

9. Moreover, Ms. Medina's Chicago based LACD attorneys sent Defendant MCM regular monthly payments from their checking account in Chicago – from April, 2010 through July 2012. See payment history attached as Exhibit D.

10. Nonetheless, Defendant MCM sent a letter, dated July 10, 2012, directly to Ms. Medina, regarding payment of the Capital One debt. A copy of this collection letter is attached as Group Exhibit E.

11. Defendant MCM's collection actions complained of herein (Exhibit E) occurred within one year of the date of this Complaint.

12. Defendant MCM's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

15. Here, the letters from Ms. Medina's attorney/agent, LACD, told Defendant MCM to cease communications with Ms. Medina (Group Exhibit C). By continuing to

communicate regarding the debt and demanding payment from Ms. Medina (Exhibit E), Defendant MCM violated § 1692c(c) of the FDCPA.

16. Defendant MCM's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant MCM knew that Ms. Medina was represented by counsel in connection with her debts because her attorneys at LACD had informed Defendant, in writing (Group Exhibit C), that she was represented by counsel, and had directed Defendant MCM to cease directly communicating with her. By directly sending Ms. Medina a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendant MCM violated § 1692c(a)(2) of the FDCPA.

20. Defendant MCM's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C.§1692k.

## PRAYER FOR RELIEF

Plaintiff, Zenaida Medina, prays that this Court:

4

1. Find that Defendant MCM's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Ms. Medina and against Defendant MCM, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Zenaida Medina, demands trial by jury.

Zenaida Medina,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: July 23, 2012

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps& Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com